## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

FRANCHIE ELLIS,                    )
                                   )
    Petitioner,                    )
                                   )
v.                                 )        No. 15-3032
                                   )
JEFF KORTE, Warden,                )
                                   )
    Respondent.                    )

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss (d/e 10) filed by Respondent Jeff Korte, Warden.  In the Motion to Dismiss, Respondent asserts that the Petition (d/e 1) under 28 U.S.C. § 2254 for writ of habeas corpus filed by Petitioner Franchie Ellis is untimely.  Petitioner responds that his medical and psychiatric problems prevented him from presenting his case in a timely fashion.  Because Petitioner has not shown that extraordinary circumstances outside of his control prevented him from timely filing his petition and that he diligently pursued his claims, the Motion to Dismiss is GRANTED.

# I. BACKGROUND

In January 2007, Petitioner pleaded guilty in the Circuit Court of Logan County, Illinois, to: (1) aggravated driving under the influence for driving a semitrailer while under the influence of cocaine and causing a traffic accident resulting in two deaths (count 1); and (2) obstructing justice by submitting a false urine sample (count 3).  On the State's motion, the trial court dismissed count 2, which charged Petitioner with unlawful possession of cocaine. In May 2007, the trial court sentenced Petitioner to 28 years on count 1 and a concurrent six-year term on count 3.

Petitioner appealed, arguing that his guilty pleas were invalid because his defense counsel was ineffective and that his sentence was excessive.  The state appellate court affirmed, with one justice dissenting.  See People v. Ellis, No. 4-08-0662 (May 5, 2010) (Mot. to Dismiss, Ex. A).  On September 29, 2010, the Illinois Supreme Court denied Petitioner's petition for leave to appeal.  People v. Ellis, 237 Ill. 2d 569 (Sept. 29, 2010) (Table) (Mot. to Dismiss, Ex. B). Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

On April 8, 2011, Petitioner filed a pro se postconviction petition in the Logan County Circuit Court. <u>See</u> Mot. to Dismiss, Ex. C. Petitioner argued that (1) his trial counsel was ineffective and (2) his sentence was disproportionate to the nature of the offense. On June 3, 2011, the trial court dismissed Petitioner's postconviction petition as frivolous and patently without merit. <u>See</u> <u>id.</u>, Ex. H. Petitioner appealed.

On December 18, 2012, the state appellate court granted the Office of the State Appellate Defender's (OSAD) motion to withdraw and affirmed the trial court's dismissal of the postconviction petition. <u>People v. Ellis</u>, 2012 IL App (4th) 110586-U (Mot. to Dismiss, Ex. E). On May 29, 2013, the Illinois Supreme Court denied Petitioner's petition for leave to appeal. <u>See</u> Mot. to Dismiss, Ex. D.

On July 22, 2013, Petitioner filed a pro se second/successive postconviction petition alleging ineffective assistance of counsel. Mot. to Dismiss, Ex. F. On August 14, 2013, the trial court summarily dismissed the second/successive postconviction petition. <u>See</u> <u>id.</u> at Ex. J. Petitioner appealed.

On August 21, 2013, Petitioner filed a Motion for Relief from Judgment in the state trial court.  Mot. to Dismiss, Ex. I.  However, on August 29, 2013, the trial court struck the motion for Petitioner's failure to properly effect service on the State.

On February 4, 2015, Petitioner filed his Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. Petitioner asserts: (1) his Sixth and Fourteenth Amendment rights were violated because counsel was ineffective throughout his case; (2) the trial court erred when it denied his motion to withdraw his guilty plea; and (3) the trial court abused its discretion by sentencing Petitioner to the maximum sentence.  See Petition (d/e 1).

On March 18, 2015, the state appellate court granted OSAD's motion to withdraw and affirmed the dismissal of Petitioner's second/successive postconviction petition.  People v. Ellis, 2015 IL App (4th) 130727-U (Mot. to Dismiss, Ex. G).  The appellate court noted that "rather than summarily dismissing the successive petition, the better practice, in accordance with the statute, is to deny leave to file the successive postconviction petition."  Id.

On April 27, 2015, after Petitioner paid the $5 filing fee in this Court, the Court found that summary dismissal was not warranted and ordered that an answer or motion be filed. On May 22, 2015, Respondent filed a Motion to Dismiss on the ground that the Petition is untimely. On June 10, 2015, Petitioner filed a Response.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year limitation period for the filing of § 2254 petitions. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides as follows:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) further provides that "[t]he time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Petitioner does not argue that the State created an impediment to filing (§ 2244(d)(1)(B)), that the Supreme Court has recognized a right and made that right retroactively applicable to cases on collateral review (§ 2244(d)(1)(C)), or that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence (§ 2244(d)(1)(D)).  Therefore, the Court will only address the calculation of the one-year period under §2244(d)(1)(A).

## A.    The Petition is Untimely Under § 2244(d)(1)(A)

Under § 2244(d)(1)(A), the relevant date for starting the limitation period for filing the federal habeas petition is the date on

which the Petitioner's conviction became final by the conclusion of direct review or the expiration of the time for seeking such review.

On September 29, 2010, the Illinois Supreme Court denied Petitioner's petition for leave to appeal the appellate court's order affirming Petitioner's conviction.  Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. Consequently, Petitioner's conviction became final on December 28, 2010, 90 days after the Illinois Supreme Court denied leave to appeal.  See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) (reaffirming prior case law holding that if no petition for writ of certiorari is filed, a conviction becomes final when the time to file a petition for writ of certiorari expires); see also Sup. Ct. R. 13 (a petition for writ of certiorari must be filed within 90 days after judgment is entered by a state court of last resort).

The limitation period ran from December 28, 2010 to April 8, 2011 (100 days), when Petitioner filed a state court postconviction petition.  See 28 U.S.C. § 2244(d)(2).  The limitation period was then tolled from April 8, 2011 until May 29, 2013, when the Illinois Supreme Court denied Petitioner's petition for leave to appeal.  See Lawrence v. Florida, 549 U.S. 327, 331 (2007) (holding that under

§ 2244(d)(2), the one-year limitation period is not tolled during the pendency of a petition for certiorari because state review of a postconviction petition ends when the state court finally resolves a postconviction petition pursuant to the state's postconviction procedures).  Therefore, the limitation period began running again on May 30, 2013, unless Petitioner's second/successive postconviction petition tolled the limitation period.

A successive postconviction petition does not toll the limitation period unless it is properly filed.  See 28 U.S.C. § 2244(d)(2) (the limitation period is tolled during the time a properly filed state postconviction petition is pending).  An application for state postconviction review is properly filed when "its delivery and acceptance are in compliance with the applicable laws and rules governing filing." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Under Illinois law, a petitioner must obtain leave to file a successive state court postconviction petition.  725 ILCS 5/122-1(f). To obtain leave, the petitioner must show cause for his failure to bring the claim in his initial postconviction petition and prejudice resulting from that failure.  Id.  To show cause, a petitioner must identify an objective factor that impeded his ability to raise a

specific claim during the initial postconviction proceeding.  Id.  To show prejudice, a petitioner must show that the claim not raised during the initial postconviction proceeding "so infected the trial that the resulting conviction or sentence violated due process."  Id.

When a State's law, like Illinois' law, requires pre-filing authorization, the successive petition tolls the limitation period only if the state court grants permission to file it.  Martinez v. Jones, 556 F.3d 637, 639 (7th Cir. 2009) (also holding that "the period during which a request to file a successive petition is pending in Illinois state court does not toll the statute of limitations on actions under § 2254 unless permission is granted").  Moreover, whether a state court postconviction petition is properly filed is determined by looking at how the state courts treated the petition.  Freeman v. Page, 208 F.3d 572, 576 (7th Cir. 2000) (involving untimely initial petition).  If the state courts considered the claim on the merits, then the petition was properly filed.  Id.  If the state courts dismissed the petition for procedural flaws, then the petition was not properly filed.  Id.;  see also Johns v. Pierce, No. 10-1175, 2011 WL 573955, at *4 (C.D. Ill. Feb. 15, 2011) (where it was unclear whether the trial court granted the petitioner leave to file a

successive postconviction petition and whether the appellate court
agreed with that decision, the district court looked at how the state
courts treated the claims).

    In this case, while it is initially unclear whether the state
courts considered the successive petition on the merits, the Court
concludes that the courts did not.  The state court docket sheet
does not reflect whether Petitioner filed a motion for leave to file a
successive petition, much less whether the state court granted or
denied leave.  But see People v. Tidwell, 236 Ill. 2d 150, 161 (2010)
(noting that § 122-1(f) does not require a separate motion seeking
leave).  The entirety of the trial court's ruling is as follows:

> The Court having reviewed the defendant's second
> successive post[]conviction petition finds that the second
> successive petition alleges the same allegations as the
> original petition for post[]conviction relief which was
> found to be frivolous or patently without merit.  The
> reasoning of Judge Harris being that the same issue of
> ineffective assistance of counsel was argued on direct
> appeal and denied and therefore barred by Res Judicata.
> Defendant's second successive petition for
> post[]conviction relief motion not containing any new
> information or allegations relevant to defendant's case is
> summarily dismissed.

See State Docket Sheet, Mot. to Dismiss, Ex. J (d/e 10-1).

However, this ruling is consistent with a finding that the trial court considered whether leave to file the successive petition should be granted as opposed to a review of the merits of the successive petition.  The trial court found that Petitioner's successive petition raised the same allegations as the initial petition and did not contain any new information or allegations.  Therefore, the trial court essentially determined that Petitioner failed to show cause and prejudice for failing to bring the claims in the initial petition by, in fact, noting that Petitioner did bring the claims in the initial petition.

Moreover, the appellate court decision reveals that Petitioner filed a motion for leave to file a successive petition, even though the motion for leave did not appear on the state court docket. People v. Ellis, 2015 IL App (4th) 130727-U, ¶ 9.  And, on appeal, the appellate court did not review a decision on the merits, but reviewed de novo the state court's denial of Petitioner's motion for leave to file a successive petition.  Id. ¶ 16 ("We review de novo a trial court's denial of a defendant's section 122-1(f) motion for leave to file a successive postconviction petition"); but see ¶ 25 (noting that

because Petitioner raised the claims on direct appeal and in his first postconviction petition, the claims were barred by <u>res judicata</u>).

Specifically, the appellate court considered whether Petitioner showed cause and prejudice for the failure to raise the claim earlier. The appellate court found that Plaintiff could not show cause and prejudice because he had raised the claims previously.  <u>Id.</u> ¶¶ 22-28 (also finding that Petitioner did not raise an actual innocence claim, which would have been another basis to allow the filing of a successive petition).  The appellate court affirmed the trial court's summary dismissal, but noted that "rather than summarily dismissing the successive petition, the better practice, in accordance with the statute, is to deny leave to file the successive postconviction petition."  <u>Id.</u> ¶ 29.  Taking into account how the state courts treated the successive petition, the Court finds that the successive petition was not properly filed and did not toll the one-year period of limitation for filing the §2254 petition in federal court.

In addition, the Motion for Relief from Judgment filed August 21, 2013 does not toll the limitation period.  The trial court struck the motion on August 29, 2013 for Petitioner's failure to perfect service on the State.  Therefore, the motion was not properly filed.

See, e.g., United States ex rel. Topps v. Chandler, No. 12 CV 3028, 2013 WL 1283812, at *4 (N.D. Ill. Mar. 26, 2013) (finding, even if the court were to consider the mandamus complaint as a collateral attack, it was not properly filed because state court dismissed it due to a procedural flaw).

Because the second/successive postconviction petition and the Motion for Relief from Judgment did not toll the limitation period, the limitation period began running May 30, 2013, the day after the Illinois Supreme Court denied Petitioner's petition for leave to appeal the dismissal of his initial postconviction petition.  The one-year limitation period expired 265 days later (100 days having already run between the conclusion of direct appeal and the filing of the initial postconviction petition) on February 18, 2014.  Petitioner filed his Petition nearly a year later, on February 4, 2015.[1] Therefore, the Petition is untimely unless equitable tolling applies.

---

[1] The Court considers the Petition filed on the earliest date possible—the date Petitioner signed the Proof/Certificate of Service (d/e 1), which contains a blank for the date Petitioner actually placed the documents in the mail.  See Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999) (a habeas corpus petition is deemed filed when given to proper prison authorities even when not accompanied by the filing fee or an in forma pauperis petition so long as the fee or IFP petition is sent within a reasonable time and there is no evidence of bad faith).

## B. Equitable Tolling Does Not Apply

The statutory limitation contained in § 2244(d) is subject to equitable tolling in appropriate cases.  Holland v. Florida, 560 U.S. 631, 645 (2010).  For equitable tolling to apply, a petitioner must show that "extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition."  Tucker v. Kingston, 538 F.3d 732, 734 (7th Cir. 2008).  A petitioner "must also show that he diligently pursued his claim, despite the obstacle."  Id.; see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  A petitioner must demonstrate that he acted with reasonable diligence during the entire period he seeks to have tolled.  Smith v. McGinnis, 208 F. 3d 13, 17 (2d Cir. 2000). "Equitable tolling is rarely granted."  Tucker, 538 F.3d at 734.

Petitioner argues that equitable tolling should apply because of his medical and psychiatric problems.  Petitioner supports his § 2254 petition with an Affidavit describing his health.

 In the Affidavit, Petitioner asserts that he lost consciousness at the Pontiac prison and fell in 2007.  Afterward, he suffered low blood pressure, resulting in low energy and dizziness.  Petitioner's "condition deteriorated drastically by 2010, and [he] was diagnosed

with Sarcoidosis."[2]  February 4, 2015 Aff. (d/e 1-3).  In 2010, his
health issues became so severe that he could not walk 50 feet
without getting dizzy and out of breath.  Several times he fell.  The
sarcoidosis also affected his mental stability.  Petitioner was no
longer lucid or coherent and did not have the energy to go to the
law library and work on his legal work.  For about two years,
Petitioner did not go to the yard, gym, law library, or any place but
the medical building and sometimes the chow hall.  Petitioner lost
60 pounds.  Petitioner explained he is doing better now but is still
suffering from health issues including severe arthritis in his right
shoulder, right hand, and neck.

Petitioner supported his claims with information about
sarcoidosis (see footnote 2) and a copy of a July 2010 prison
grievance in which Petitioner complained that the soy-laden prison

---

[2] Petitioner submitted a document from an unidentified source about
sarcoidosis, which describes the symptoms of the disease.  Petition, Ex. J.
Without knowing the Petitioner's source, the Court consulted information from
the Mayo Clinic, which indicates that sarcoidosis is the "growth of tiny
collections of inflammatory cells in different parts of [the] body—most
commonly the lungs, lymph nodes, eyes, and skin."  See
http://www.mayoclinic.org/diseases-
conditions/sarcoidosis/basics/definition/CON-20022569 (last visited
September 14, 2015).  Symptoms include fatigue, fever, swollen lymph nodes,
weight loss, shortness of breath, wheezing, rashes, lesions, blurred vision and
sensitivity to light.  Id.  Sarcoidosis can cause long-term damage to organs.  Id.
Sarcoidosis usually goes away on its own, but the signs and symptoms can last
for years.  Id.

diet caused Petitioner's hypothyroidism, pain in his arms, fingers, and ankle, heart palpitations, and shortness of breath.  In the grievance, Petitioner also noted he had experienced black outs in the past and still had dizzy spells.  He requested a soy-free diet. The Counselor responded that Petitioner has "multiple health issues (Hodgkins, psych, thyroid)" but that there was no need for a soy-free diet.  See Petition, Exhibit J (d/e 1).

In his response to the Motion to Dismiss, Petitioner further asserts that he has other health problems, including psychiatric problems for which he takes medication, a spinal cord disorder, and a thyroid disorder.  He claims a prison doctor attributed some of Petitioner's problems to being a Hodgkin's disease survivor.  See www.mayoclinic.org/diseases-conditions/hodgkins-lymphoma/basics/definitionCON-20030667 (Hodgkin's is a cancer of the lymphatic system) (last visited September 14, 2015).

Petitioner also asserts that his arthritis in his right hand is so severe that he cannot write legibly.  He asked to use the prison typewriter but was told that the typewriter was exclusively used by individuals working on clemency petitions.  Subsequently, Petitioner's relatives gave him money to buy a typewriter.  He

eventually got the money and ordered the typewriter in February 2014.  He received the typewriter in April 2014.

The Court finds that Petitioner has failed to show that some extraordinary circumstance prevented him from filing his federal habeas petition on time and that he pursued his rights diligently.

Physical and mental health conditions can trigger equitable tolling.  See Davis v. Humphreys, 747 F.3d 497, 499-500 (7th Cir. 2014) (finding that mental incompetence can trigger equitable tolling and that "[s]omething more than but-for causation is essential" but remanding to the district court for an evaluation of the petitioner's abilities and consideration of the appropriate legal standard);  Ryburn v.  Ramos, No. 09-CV-1176, 2010 WL 2572063, at *6 (C.D. Ill. June 23, 2010) (assuming that physical and mental conditions can trigger equitable tolling).  Courts have generally held that a petitioner has to show that the condition actually prevented timely filing.  See Obriecht v. Foster, 727 F.3d 744, 750 (7th Cir. 2013) (quoting Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996) (examining diligence and noting that "'[M]ental illness tolls a statute of limitations only if the illness in fact prevents the sufferer from

managing his affairs and thus from understanding his legal rights and acting upon them'") (emphasis in original)).

Even accepting Petitioner's allegations about the severity of his medical and psychiatric problems as true, Petitioner has not shown that his health conditions prevented timely filing.

Petitioner alleges his health problems became severe in 2010 and, for two years, significantly limited Petitioner's ability to do anything except go to the medical building and sometimes the chow hall. However, on April 8, 2011, Petitioner was able to file his pro se state court postconviction petition. And, in any event, the limitation period was tolled from April 8, 2011 until May 29, 2013, when the Illinois Supreme Court denied Petitioner's petition for leave to appeal. Therefore, equitable tolling is not needed to excuse Petitioner's failure to file his § 2254 petition between 2010 and 2012, the time when Petitioner alleges his conditions were severe.

Moreover, even if the Court assumes that Petitioner's health conditions were severe after May 29, 2013, when the limitation period began to run again, Petitioner filed other court documents after May 29, 2013. On July 22, 2013, Petitioner filed a pro se, handwritten second/successive postconviction petition. See Mot. to

Dismiss, Exhibit F.  On August 21, 2013 Petitioner filed a pro se,
handwritten Motion for Relief from Judgment (which appears to
have been prepared in July 2013).  Id., Exhibit I.  These filings cast
doubt on Petitioner's claim that he could not prepare his § 2254
petition by the February 2014 deadline.  See, e.g., Ryburn, 2010 WL
2572063, at *6 (equitable tolling did not apply where the petitioner
did not show that his health conditions actually prevented timely
filing; the petitioner was able to file at least four cases during the
period following his conviction and prior to the last day on which he
could have timely filed his § 2254 petition).  Petitioner has not
explained why he could file those documents but could not file his
§ 2254 Petition.  See Obriecht, 727 F.3d at 750-51 (finding the
petitioner did not demonstrate that his illness prevented him from
understanding his legal rights and acting on them where he
attended to other legal matters during the limitations period and
offered no explanation how he was able to file in those cases and
not this one).

Finally, Petitioner does not indicate when he requested to use
the typewriter in the law library and when this request was refused.
He eventually ordered a typewriter in February 2014 but did not

receive it until April 2014.  Nonetheless, he did not file his § 2254
Petition until February 2015.  This does not demonstrate due
diligence, as he waited ten months to file his § 2254 Petition after
receiving the typewriter.  See Sigler v. United States, No. 14-3166,
2015 WL 5059019, at *5 (C.D. Ill. Aug. 26, 2015) (finding the
petitioner was not diligent and equitable tolling would not apply
where court sent the petitioner a habeas motion form and warned
her of the one-year limitation period and petitioner waited four
months to file her motion); United States ex rel. Garrett v. Gaetz,
No. 11 C 7301, 2015 WL 303400, at *6 (N.D. Ill. Jan. 20, 2015)
(finding the petitioner did not diligently pursue his rights where he
was capable of filing a coherent court document in February 2011
but did not file his federal petition until October 2011; Green v.
Early, No. 06-4002, 2007 WL 710110, at *2 (C.D. Ill. 2007) (finding
that the plaintiff did not show reasonable diligence where the
plaintiff waited nearly two and a half years after he was denied
library time to file his lawsuit).

Because Petitioner has neither shown extraordinary
circumstances outside of his control prevented him from timely
filing his § 2254 petition nor that he diligently pursued his claims,

equitable tolling does not apply. As such, Petitioner's petition is barred by the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1).

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings, this Court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Jimenez, 555 U.S. at 118 n.3. This Court concludes that jurists of reason would not find it debatable whether Petitioner's Petition should be dismissed as untimely.

## III. CONCLUSION

For the reasons stated, Respondent Jeff Korte's Motion to Dismiss [10] is GRANTED. Petitioner's Petition [1] under 28 U.S.C.

§ 2254 for writ of habeas corpus is DISMISSED as untimely.  A

Certificate of Appealabilty is DENIED.  CASE CLOSED.

ENTER: September 14, 2015

FOR THE COURT:

                          s/Sue E Myerscough
                          SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE